IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGELA R. WILLIAMS; KELLEY K. )
FOXWORTH; and ZAKKIYYAH C. )
HOLMES ) No. 3:08-1007
 )
v. )
 )
SELECT SPECIALTY HOSPITAL- )
NASHVILLE, INC.[1] )

TO: Honorable Aleta A. Trauger, District Judge

# **R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered July 20, 2009 (Docket Entry No. 29), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the renewed motion to dismiss (Docket Entry No. 42) filed by defendant Select Specialty Hospital-Nashville, Inc., to which the plaintiffs have not filed a response in opposition.[2]

For the reasons set out below, the Court recommends that the motion to dismiss be granted in part and denied in part.

---

[1] By the amended complaint filed on December 31, 2008(Docket Entry No. 16), Zakkiyyah C. Holmes was substituted for plaintiff Zakkiyyah C. Morrow, Select Specialty Hospital-Nashville, Inc., was named as the sole defendant, and Select Employment Services, Inc., originally named as the defendant, was terminated as a defendant.

[2] By Order entered October 19, 2009 (Docket Entry No. 45), the Court gave the plaintiffs a deadline of November 16, 2009, to respond to the motion to dismiss and warned the plaintiffs that their failure to file a response could result in a recommendation that this action be dismissed.

## I. BACKGROUND

The plaintiffs, each of whom is a black female, were formerly employed as health care workers by Select Specialty Hospital-Nashville, Inc. ("Select"). On October 14, 2008, they filed this action against Select asserting that they had suffered unlawful racial discrimination during their employment and bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Tennessee Human Rights Act ("THRA"). Plaintiff Morrow also brings claims of unlawful retaliation.

Pursuant to Rule 16.01(d) of the Local Rules of Court, a case management order (Docket Entry No. 13) was entered on December 19, 2008, setting out deadlines for pretrial activity in the action.[3] On December 31, 2008, the plaintiffs filed an amended complaint correcting the naming of the parties and withdrawing plaintiff Williams and Foxworth's claim under the THRA. See Docket Entry No. 16. The defendant thereafter filed an amended answer and asserted a counterclaim against plaintiff Holmes for breach of contract under state law in the amount of $8,418.07. See Docket Entry No. 17. Plaintiff Holmes answered the counterclaim and denied liability on the breach of contract claim. Docket Entry No. 19.

On June 30, 2009, counsel for the plaintiffs was granted leave to withdraw from the action. See Docket Entry No. 22. No attorney has subsequently entered an appearance on behalf of the plaintiffs, and they are currently proceeding pro se. By Order entered July 30, 2009 (Docket Entry No. 34), the Court specifically advised the plaintiffs that, despite their pro se status, the deadlines

---

[3] The claims of plaintiffs Williams and Foxworth are set for a jury trial on March 2, 2010, see Docket Entry No. 11, and the claims of plaintiff Holmes are set for a jury trial on March 30, 2010. See Docket Entry No. 12.

set out in the case management order remained in full force and effect, unless otherwise modified by the Court.

On August 12, 2009, the defendant filed a motion (Docket Entry No. 36) to dismiss the action because of the plaintiffs' failure to appear for their depositions. The plaintiffs failed to respond to that motion. In its memorandum in support of the motion to dismiss, the defendant maintained that, if the case were not dismissed, the Court should enter an order compelling the plaintiffs to attend rescheduled depositions. By Order entered August 31, 2009 (Docket Entry No. 38), the Court granted the defendant's request for alternative relief and ordered the plaintiffs to appear at their rescheduled depositions.[4] The Court specifically warned the plaintiffs that:

> their failure to comply with this order and to appear at the rescheduled depositions as ordered herein could result in the imposition of sanctions, pursuant to Rule 37(b)(2)(A)(i)-(vi) and (C) of the Federal Rules of Civil Procedure, including but not necessarily limited to, the dismissal of this lawsuit and the assessment of the defendant's costs and attorney's fees against them.

Id.

On October 7, 2009, the defendant renewed its motion to dismiss. The defendant asserts that the plaintiffs' depositions were properly noticed and rescheduled for September 16 and 17, 2009, but that none of the plaintiffs appeared or notified the defendant that they were not going to attend. See Docket Entry No. 43 and exhibits. The defendant seeks dismissal of the action with prejudice and an award of sanctions under Rule 37(d) of the Federal Rules of Civil Procedure. The defendant also seeks the entry of a default judgment against plaintiff Holmes on the breach of contract claim based on Holmes' failure to appear for her deposition.

---

[4] The Court denied as moot the defendant's request for dismissal of the action.

By Order entered October 19, 2009 (Docket Entry No. 45), the Court notified the plaintiffs of the motion to dismiss and gave them a deadline of November 16, 2009, to file a response. The Court warned the plaintiffs that their failure to respond to the motion could result in a recommendation that this action be dismissed. The plaintiffs have not filed any type of response to either the motion or the Order entered October 19, 2009.

## II. CONCLUSIONS

A. The Plaintiffs' Complaint

Rule 37(b)(2)(A) of the Federal Rule of Civil Procedure provides that a court may issue "further just orders" when a party fails to obey an order to provide discovery. Possible sanctions for such a failure to obey a discovery order are set forth in Rule 37(b)(2)(A), and include "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Rule 37(d)(3) also specifically states that the sanctions set out in Rule 37(b)(2) may be imposed based upon a party's failure to attend its own deposition and further states that the Court "must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of

4

Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiffs' conduct in this case warrants dismissal of the action under Rules 37(b) and 41(b). The plaintiffs have twice failed to appear for properly noticed depositions and have, in both instances, failed to notify the Court or the defendant prior to the scheduled depositions that they would not attend the depositions. They have likewise failed to offer any kind of after-the-fact explanation for their conduct and have failed to respond to the two motions to dismiss filed by the defendant. Finally, the plaintiffs have failed to comply with the specific directive of the Court, as set out in the Order entered August 31, 2009, that they appear at their rescheduled depositions. In the Orders entered August 31, 2009, and October 19, 2009, the Court warned the plaintiffs that the consequences of their failure to appear for their depositions and to respond to the defendant's motion to dismiss, respectively, could include dismissal of their action.

The action should be dismissed with prejudice due to the plaintiffs' willfulness and fault in failing to engage in discovery and in disregarding the Court's orders. The plaintiffs have exhibited an unwillingness to prosecute the action in the normal fashion and have not heeded the warnings of the Court concerning the consequences of their failure to comply with the directives of the Court. The plaintiffs have clearly been on notice that their failure to attend their rescheduled depositions and failure to file a response to the defendants second motion to dismiss could result in dismissal of this action. See Nadar v. Land, 433 F.3d 496, 501-02 (6th Cir. 2006); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). Dismissal of the action with prejudice is appropriate in light of the plaintiffs' lack of interest in the action, the hardship it would cause the defendant to face the

5

prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by the plaintiffs' refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendant caused by the plaintiffs' conduct.

Further, in compliance with the directive of Rule 37(d)(3) of the Federal Rules of Civil Procedure and in light of the plaintiffs' failure to show why their failure to appear at their rescheduled depositions was substantially justified or why other circumstances exist which would make an award of expenses unjust, the plaintiffs should be required to pay the reasonable expenses, including attorney's fees, incurred by the defendant because of the plaintiffs failure to attend their rescheduled depositions. Just as the plaintiffs have been on notice that their failure to attend their depositions could lead to the dismissal of this case, the Court warned the plaintiffs in the August 31, 2009, Order that their failure to attend their depositions could result in the assessment of the defendant's costs and attorney's fees.

B. The Defendant's Request for Default Judgment against Plaintiff Holmes

Although the defendant does not specifically state the basis for the Court's jurisdiction over its counterclaim, see Docket Entry No. 17, the Court's jurisdiction can only be premised upon the assertion of supplemental jurisdiction over the claim in accordance with 28 U.S.C. § 1367. Clearly, neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332 exists over the counterclaim raised by the defendant.[5]

---

[5] Although the defendant and plaintiff Holmes are diverse parties for the purposes of diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy for the counterclaim is only $8,418.07, which is well below the amount necessary for diversity jurisdiction. See Docket Entry

6

Upon the dismissal of the plaintiffs' claims, the Court will no longer have original jurisdiction over any claims in the action. In accordance with 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over the defendant's breach of contract claim and this claim should be dismissed without prejudice.[6]

**RECOMMENDATION**

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 42) filed by Defendant Select Specialty Hospital-Nashville, Inc.:

1) be GRANTED as to the claims of the plaintiffs and that the claims of Angela R. Williams, Kelley K. Foxworth, and Zakkiyyah C. Holmes be DISMISSED WITH PREJUDICE; and

2) be DENIED as to the defendant's request for entry of default against plaintiff Zakkiyyah C. Holmes on the defendant's counterclaim and that the counterclaim be DISMISSED WITHOUT PREJUDICE.

The defendant should be given fourteen (14) days from entry of this Report and Recommendation to file an accounting of the reasonable expenses and attorney's fees which it seeks under Rule 37(d)(3). Failure to file such an accounting should be deemed a waiver of the defendant's right to seek such an award.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific

---

No. 17, at 8.

[6] In addition, the Court did not specifically warn plaintiff Holmes that her failure to appear at her deposition could result in the entry of default judgment against her on the defendant's counterclaim.

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,


_____
JULIET GRIFFIN
United States Magistrate Judge